# IN THE SUPREME COURT, STATE OF WYOMING

## 2024 WY 11

**OCTOBER TERM, A.D. 2023**

January 26, 2024

KENNETH CARSON and ANNA LEIGH
ANDERSON, as concerned parents of Emmitt
Merl Anderson and Waverly Jean Anderson,
minor children,

Appellants
(Petitioners),

v.

ALBANY COUNTY SCHOOL DISTRICT #1
BOARD OF TRUSTEES; DR. JOHN
GOLDHARDT, Superintendent of Schools for
Albany County School District #1;
MEMBERS OF THE WYOMING
DEPARTMENT OF EDUCATION; and
MEGAN DEGENFELDER, Superintendent
of Public Instruction for the State of
Wyoming,

Appellees
(Respondents).

S-23-0148

*Appeal from the District Court of Albany County*
*The Honorable Dawnessa A. Snyder, Judge*

*Representing Appellants:*
    JoAnn Fulton, Fulton law Office, P.C., Laramie, Wyoming.

*Representing Appellees Albany County School District #1 Board of Trustees and John Goldhardt:*
    L. Kathleen Chaney, Eric D. Hevenor, Lambdin & Chaney, LLP, Denver Colorado.

*Representing Appellees Wyoming Department of Education Members and Megan Degenfelder, Superintendent of Public Instruction for the State of Wyoming:*
>Bridget L. Hill, Attorney General; Brandi Monger, Deputy Attorney General; Mackenzie Williams, Senior Assistant Attorney General.


*Before FOX, C.J., KAUTZ, BOOMGAARDEN, GRAY, and FENN, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN, Justice.**

[¶1]    Kenneth Carson and Anna Leigh Anderson (collectively, Petitioners) petitioned the district court to issue a writ of mandamus to compel the Albany County School District Board of Trustees, the Superintendent of Schools for Albany County, and the Superintendent of Public Instruction for the State of Wyoming (collectively, Respondents) to form a rural school for their children.  Respondents moved to dismiss the petition under W.R.C.P. 12(b)(6).  The district court dismissed.  Petitioners appealed.  We affirm.

## *ISSUE*

[¶2]    The dispositive issue is whether the district court erred when it held Petitioners failed to state a claim on which mandamus relief could be granted.

## *FACTS*

[¶3]    Petitioners and their minor children live on a remote family ranch located near Garrett, Wyoming, over forty miles from the nearest paved road.  During the winter, the roads between the ranch and the nearest school in Rock River are impassable.  Beginning in 2019, Petitioners began contacting the Superintendent of Schools for Albany County, Dr. Jubal Yennie, to begin the process for forming a rural school Petitioners named "The Buckle School."  Petitioners sought to have the schoolhouse located on their ranch and for the school district to pay the costs of construction and the costs for a teacher to provide instruction at the school.

[¶4]    In February 2022, the Albany County School District Board of Trustees voted to approve the formation of The Buckle School.  Dr. Yennie then prepared an application pursuant to Wyo. Stat. Ann. § 21-13-309(m)(vi) (2023) formally requesting the State Construction Department and the Department of Education to reconfigure the grades of an existing school necessary to form The Buckle School. Wyo. Stat. Ann. § 21-13-309(m)(vi) requires independent approval from both agencies.

[¶5]    Later that February, the Director of the State Construction Department sent Dr. Yennie a letter approving the grade reconfiguration request for The Buckle School. However, in April, after communicating with the Department of Education, Dr. Yennie informed Petitioners that grade reconfiguration for The Buckle School was no longer feasible.  Dr. Yennie recommended the Petitioners enroll their children in Rock River Elementary School and utilize virtual education when the roads became impassable.  Dr. Yennie also stated Petitioners can obtain transportation from the County on improved roadways or may request isolation or maintenance payments, an option available under Wyo. Stat. Ann. § 21-4-401.

1

[¶6]    In August, the State Superintendent of Public Instruction sent a letter to Dr. Yennie officially denying the grade reconfiguration request for The Buckle School.  The Superintendent acknowledged the Albany County School District's efforts to form a rural school for Petitioners' children.  However, the Superintendent found he could not grant the application because the County could provide adequate education without creating a new school and the cost effectiveness of the proposed reconfiguration weighed overwhelmingly against approval given the advancement of virtual education options.  The Superintendent also acknowledged creating a new rural school would be consistent with past practices in Wyoming, but he concluded it would now be inconsistent with the values of fiscal responsibility, cost effectiveness, and fiscal integrity.

[¶7]    The next month, Petitioners filed their petition for a writ of mandamus in the district court seeking to compel Respondents to approve, build, and staff The Buckle School.  Respondents filed motions to dismiss.  After receiving briefs from each party and hearing oral argument, the district court held that mandamus was an improper remedy and issued a written order dismissing the petition.  Petitioners timely appealed.

## *DISCUSSION*

[¶8]    We review orders granting a motion to dismiss under Rule 12(b)(6) de novo. *Sweetwater Station, LLC v. Pedri*, 2022 WY 163, ¶ 12, 522 P.3d 617, 622 (Wyo. 2022) (citation omitted).  "We employ the same standards and examine the same materials as the district court: we accept the facts alleged in the complaint as true and view them in the light most favorable to the non-moving party." *Id.* (citation omitted).  Dismissal is required when the complaint fails to assert any fact on which the requested relief may be granted. *Id.* (citation omitted).

[¶9]    Petitioners seek a writ of mandamus under Wyo. Stat. Ann. § 1-30-105 (2023) to compel Respondents to form The Buckle School.  "Mandamus is a writ issued in the name of the state to an inferior tribunal, a corporation, board or person commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station." Wyo. Stat. Ann. § 1-30-101.  We have stated:

> The function of mandamus is to command performance of a ministerial duty which is plainly defined and required by law. Mandamus will not lie unless the duty is absolute, clear, and indisputable.  The law must not only authorize the demanded action but require it.  If the lower tribunal has the right to exercise discretion regarding an issue, mandamus is not an appropriate remedy.

*State ex rel. West Park Hosp. Dist. v. Skoric*, 2014 WY 41, ¶ 22, 321 P.3d 334, 342 (Wyo. 2014) (quoting *State ex rel. Arnold v. Ommen*, 2009 WY 24, ¶ 16, 201 P.3d 1127, 1133

2

(Wyo. 2009)); *see also* Wyo. Stat. Ann. § 1-30-105 (authorizing writs of mandamus "[w]hen the right to require the performance of the act is clear and it is apparent that no valid excuse can be given for not performing it"); *Ministerial Duty*, Black's Law Dictionary (11th ed. 2019) ("A duty that requires neither the exercise of official discretion nor judgment.").

[¶10]   Whether a ministerial duty exists which might permit the issuance of a writ of mandamus is a question of law we review de novo. *Skoric*, 2014 WY 41, ¶ 9, 321 P.3d at 338 (citing *Arnold*, 2009 WY 24, ¶ 14, 201 P.3d at 1132). To determine whether such a duty exists in this matter we must interpret the language in Wyo. Stat. Ann. § 21-13-309 and § 21-4-401, a task we perform de novo. *Id.*; *State ex rel. Sublette Cnty. Bd. of Cnty. Comm'rs v. State*, 2001 WY 91, ¶ 10, 33 P.3d 107, 111 (Wyo. 2001) (citation omitted).

[¶11]   Petitioners first claim Wyo. Stat. Ann. § 21-13-309(m)(vi)(A) imposes a ministerial duty on Respondents. This statute provides, in part:

> (vi) Except for charter schools established under W.S. 21-3-301 through 21-3-314 and alternative schools approved under subdivision (v)(B)(IV) of this subsection, any alteration of the configuration of grades within a district, school or school facility which differs from the configuration of grades during the immediately preceding school year as reported under paragraph (iv) of this subsection shall be considered a reconfiguration and shall be documented by the district and reported to the state superintendent and the director of the state construction department. Following review and evaluation, the state superintendent and the director of the state construction department shall, each acting independently, approve or deny the reconfiguration for purposes of application to the education resource block grant model and the determination of school facility needs and remedies. The following shall apply:
>
> (A) Approval under this paragraph shall be based upon the appropriate delivery of the required educational program, the cost effectiveness of the proposed grade reconfiguration for delivery of adequate educational services to students with block grant resources, district wide capacity of school educational facilities as defined under W.S. 21-15-109(a)(ii) and any extraordinary circumstances related to the safe and efficient delivery of the education program to students[.]

Wyo. Stat. Ann. § 21-13-309(m)(vi)(A).

3

[¶12]   The statute's plain language establishes the boundaries of a discretionary judgment and not a clear right to require the performance of an act.  It provides the state superintendent and the director of the state construction department must independently "approve or deny" a grade reconfiguration and that approval is guided by the factors articulated in Subsection (A).  *See id.*  It does not require reconfiguration or formation of The Buckle School.  "A public official's duty is ministerial when 'it is absolute, certain and imperative, involving merely execution of a specific duty arising from fixed and designated facts.'"  *Sublette Cnty. Bd. of Cnty. Comm'rs*, 2001 WY 91, ¶ 10, 33 P.3d at 111 (citation omitted).  Wyo. Stat. Ann. § 21-13-309(m)(vi)(A) does not establish a ministerial duty.  *See Sublette Cnty. Bd. of Cnty. Comm'rs*, 2001 WY 91, ¶ 10, 33 P.3d at 111 (citation omitted); *Skoric*, 2014 WY 41, ¶ 22, 321 P.3d at 342 (citation omitted).

[¶13]   Petitioners also argue they are entitled to a writ of mandamus under Wyo. Stat. Ann. § 21-4-401.  To the contrary, this statute requires the board of trustees of any school district to "provide transportation or maintenance for isolated elementary, middle, junior high or high school pupils resident within the district, whenever it would be in the best interests of the affected children to provide transportation or maintenance than to establish a school to serve these pupils[.]"  Wyo. Stat. Ann. § 21-4-401(a).  It allows parents or legal guardians to request transportation or maintenance payments from the school district and expressly permits them to enforce their rights under the statute through writs of mandamus, § 21-4-401(c)–(e), but it does not afford Petitioners any right to their own rural school or permit a writ of mandamus requiring the school district or State of Wyoming to build one.  *See Sublette Cnty. Bd. of Cnty. Comm'rs*, 2001 WY 91, ¶ 10, 33 P.3d at 111 (citation omitted).  Petitioners do not contend they requested or were denied any transportation or maintenance payments.

[¶14]   Lastly, Petitioners argue their children's fundamental right to an education under Article 7 Section 1 of the Wyoming Constitution supports mandamus relief.[1]  Nothing in the language of this provision can be read to require the consideration, approval, and construction of new rural schools.  Nor do Petitioners present cogent argument or citation to pertinent legal authority supporting that this constitutional provision can be read to establish a ministerial duty to compel the formation of The Buckle School.  *Mills v. State*,

---

[1] Article 7 Section 1 states:

> The legislature shall provide for the establishment and maintenance of a complete and uniform system of public instruction, embracing free elementary schools of every needed kind and grade, a university with such technical and professional departments as the public good may require and the means of the state allow, and such other institutions as may be necessary.

Wyo. Const., art. VII, § 1; *see also Washakie Cnty. Sch. Dist. v. Herschler*, 606 P.2d 310, 333 (Wyo. 1980) (concluding the Wyoming Constitution provides a fundamental right to an education).

2023 WY 76, ¶ 19 n.2, 533 P.3d 182, 189 n.2 (Wyo. 2023) (citation omitted). We therefore refuse to consider their argument. *See id.*

[¶15]   Because Petitioners fail to assert any claim for relief requiring the performance of a ministerial duty, this Court cannot grant a writ of mandamus in this matter. *See* Wyo. Stat. Ann. § 1-30-105; *Skoric*, 2014 WY 41, ¶ 22, 321 P.3d at 342 (citation omitted). The district court did not err when it dismissed their petition.

[¶16]   Affirmed.